```
                UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )      Chapter 7
RICHARD LOGAN THOMPSON,         )
                                )      Bankruptcy No. 09-02454
        Debtor.                 )
```

### ORDER RE: APPLICATION FOR RECONSIDERATION

This Court entered an Order on November 17, 2009 granting the Objection to Exemptions (Doc. 8) filed by Rebecca Thompson. As noted in the Order, neither Debtor nor his attorney appeared at the hearing held on November 17, 2009.  The record indicates that Debtor was given notice of the hearing by electronic mail to his attorney, Kenneth Dolezal.

Debtor, through his attorney, applies for reconsideration of the Order.  He states: "Counsel's staff had listed the hearing in this matter on Friday, November 20, 2009 rather than on November 17th."  He asserts that, as a consequence of his counsel's "scheduling error," a number of facts were not available to the Court.

Although not cited in Debtor's Application, the Court assumes Debtor is seeking relief from the order under Bankruptcy Rule 9024.  This Rule adopts Fed. R. Civ. P. 60(b) which defines the procedure for analyzing motions for relief from judgment or order. <u>Ackra Direct Mktg. Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856 (8th Cir. 1996).  Under Rule 60(b)(1), the court may grant relief from a judgment or order because of "mistake, inadvertence, surprise or excusable neglect."  The term "excusable neglect" in this rule "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." <u>Pioneer Inv. Servs. v. Brunswick Assocs. LP</u>, 507 U.S. 380, 394 (1993). The following rules are derived from <u>Pioneer</u>:

> First, excusable neglect encompasses both simple, faultless omissions and omissions caused by carelessness.  The determination as to whether neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission.  Factors to consider include (1) the danger of prejudice to the [plaintiff]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was

>  within the reasonable control of the movant; and (4) whether the movant acted in good faith.

In re Payless Cashways, Inc., 230 B.R. 120, 138 (B.A.P. 8th Cir. 1999) (citations omitted), aff'd 203 F.3d 1081 (8th Cir. 2000). Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. Pioneer, 507 U.S. at 392. The Supreme Court ascribes little significance to attorney calendar or workload problems in determining whether the "neglect" was "excusable." In re Springfield Contracting Corp., 156 B.R. 761, 767 (Bankr. E.D. Va. 1993) (citing Pioneer); see also EnvisioNet Computer Services, Inc. v. ECS Funding LLC, 288 B.R. 163, 165-66 (D. Me. 2002) (stating the failure of counsel to calendar a deadline does not support a finding of excusable neglect).

"Clerical or office problems" are simply not a sufficient excuse for failing to meet a deadline. In re Boggs, 246 B.R. 265, 268 (B.A.P. 6th Cir. 2000). In Boggs, the Bankruptcy Appellate Panel quoted, with approval, the bankruptcy court's statement: "Where counsel have attempted to convince courts that deadlines missed through mistakes made by office staff or by other pressures associated with the operation of a legal practice were the result of excusable neglect, they have been soundly rebuffed." Id.

## ANALYSIS

Based on the foregoing, the Court concludes the Application for Reconsideration should be denied. Debtor asserts his failure to appear at the hearing due to counsel's scheduling error is excusable. A mistake in noting a hearing on counsel's calendar generally is not the type of neglect which is excusable. Counsel waited a week before filing the motion to reconsider. In the meantime, according to Debtor's Application, Creditor Rebecca Thompson had already taken action to gain access to garnished funds. Nothing in the Application convinces the Court that its Order was improperly entered.

**WHEREFORE**, the Application for Reconsideration (Doc. 24) is DENIED.

DATED AND ENTERED:

November 30, 2009

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE